## RAUB ET AL. v. RODABAUGH ET AL.

[No. 23,102. Filed June 2, 1916. Rehearing denied November 10, 1916.]

1. WILLS.—*Construction.*—*Certainty.*—*Estates Devised.*—Where an item in testator's will directed that after the payment of debts and legacies and within a specified period after the death of persons named the residue of the estate be divided, the testator did not die intestate as to any of his property, and such provision is not void for uncertainty in that there might be no residue left to divide, but passed to the residuary legatees therein named a fee-simple title to the testator's real estate.   p. 516.

2. DESCENT AND DISTRIBUTION.—*Action by Heir Relating to Real Property.*—Heirs of a testator having no interest in real estate left by him cannot maintain an action questioning the right of possession thereof by the executors of decedent's will.   p. 516.

From Allen Circuit Court; *John W. Eggeman*, Judge.

Action by Samuel A. Raub and others against Adam Rodabaugh and others. From a judgment for defendants, the plaintiffs appeal. (Transferred from Appellate Court under §1394, cl. 2, Burns 1914, Acts 1901 p. 565.)   *Affirmed.*

*P. V. Hoffman, John H. Aiken, Mountz & Brinkerhoff* and *Underwood & Geake*, for appellants.

*E. O'Rourke, M. H. Luecke, Barrett & Morris* and *Ballou, Hoffman & Romberg*, for appellees.

MORRIS, J.—This was an action by appellants for the possession and accrued rents of real estate. The court sustained a demurrer to appellants' complaint, and this ruling is assigned as error.

The complaint alleges that John F. Rodabaugh died testate, in 1910, owning personalty worth about $4,000 and real estate worth $50,000; that appellants and the appellees, other than the executors, are the heirs of decedent; that the appellees, other than the executors, are named in the will as legatees or devisees; that all the beneficiaries named in item No. 8 of the will survived the testator excepting Milton McFerran, and all except one, who is twenty-nine years of age, are over thirty years old; that the executors, with the assent of the devisees and legatees, are in the possession of the real estate; that they are collecting the rents and profits thereof, and applying the same on debts and legacies, and that they have already received rents to the extent of $3,000. The will is made a part of the complaint. Its first item provides for a monument to cost not less than $2,500, nor more than $3,000; the second item gives appellee Adam Rodabaugh for his life $30 per month, and, after his death, the sum of $20 per month to his widow during her life; the third item gives appellee Jane McFerran $25 per month during life; while the fourth bequeaths to appellee Thomas J. Rodabaugh $25 per month during his life, and thereafter the sum of $15 per month to his widow during her life; the fifth item bequeaths for life to appellee Sarah Bowman the sum of $8 per month; and the sixth gives to each child of a named deceased brother the sum of $300.

Item No. 8 reads as follows:

"I give, bequeath, bequest and devise within five years after the death of my beloved brothers, Adam and Thomas J., and my sister,

Jane, the residue of all my estate that may remain after the payment of all just debts, the legacies of this will, my funeral expenses, the cost of the monument hereinbefore directed to be erected upon my lot in said Lindenwood Cemetery, the payment of the costs and expenses of the execution of this will, and the administration of said estate, and the payment of all as directed and required by this will, and not to include any interest or part of my estate that is herein disposed of in this will, and providing the legatee named in this item 8 is at the time thirty or more years of age, and if such legatee is not thirty or more years of age at that time, then at the time such legatee shall have arrived at the age of thirty years, shall be given and taken upon the conditions hereinbefore set forth in this item 8 by the following named persons, the following mentioned proportions, viz:

To my nephews, Walter and Robert Rodabaugh, sons of my brother, Adam Rodabaugh, and to Jennie McFerran, daughter of my sister, Jane McFerran, one-fifth each;

To Milton McFerran, Sadie Skelton, Anna McFerran, Lizzie McFerran, children of my sister, Jane McFerran, and to the daughter of my beloved sister, Harriet Fisher, who is afflicted with a diseased hip, one-fifteenth each; and to John McFerran, George McFerran, and Benjamin McFerran, children of my sister, Jane McFerran, two-thirtieths, to be equally divided among said three children.

In the event, however, of the death of any of said legatees named in this item 8 before my death, with children surviving at my death, then the children of said legatee so deceased shall take the interest such deceased parent would have taken, and in the event of the legatee named in this item 8 die before I die without children at my death, then, the legatees named herein who may be alive at my death shall take in the proportions as near as can be

as they take in this item 8 the interests of such deceased legatee who died without children before my death."

Item No. 12 bequeaths $500 to a cemetery association for the care of a cemetery lot. Appellees Adam Rodabaugh and Herman Michaels were appointed executors. The will contains no express language authorizing the executors to take possession of the real estate or collect the rents and profits thereof.

It is contended by appellants that item No. 8 of the will is void for uncertainty and that the fee simple of the real estate vested at testator's death in his heirs as intestate property, subject to the payment of bequests and debts after the exhaustion of the personalty. Unless this contention should prevail the complaint is insufficient, for appellants must show some interest in the real estate or they have no right to question the possession of the executors. Appellants' counsel say that the beneficiaries named in item No. 8 are to get nothing except what may be left after the payment of debts and legacies; that nothing may remain after such payment; and that because of such uncertainty the fee-simple title and right of possession vested in testator's heirs at his death. We can not adopt such theory. We are of the opinion that the testator did not die intestate as to any of his property, and that item No. 8 is not void, but that it passed the fee-simple title to the realty in question to the devisees therein named. *Aldred* v. *Sylvester* (1915), 184 Ind. 542, 111 N. E. 914; *Alsman* v. *Walters* (1915), 184 Ind. 565, 106 N. E. 879, 111 N. E. 921. Consequently whether the executors are entitled to possession is a question in which appellants are not concerned. The complaint was insufficient. Judgment affirmed.

NOTE.—Reported in 112 N. E. 1003. Residuary bequests (140 Am. St. 610) as including realty, 14 Ann. Cas. 795. See under (1) 40 Cyc 1092; (2) 14 Cyc 140.